## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 05-59802 |
|---|---|
| v. | |
| JAMES WHITTED | CIVIL ACTION NO. 15-1503 |

J. Baylson                                                                                   October 23, 2015

### MEMORANDUM

Defendant James Whitted has filed a motion for reconsideration of this Court's Order dated April 2, 2015 dismissing a motion pursuant 28 U.S.C. § 2255 as an unauthorized second or successive petition (ECF 763). The government has filed a response, and defendant has filed a reply (ECF 779).

Defendant's motion for reconsideration appears to be based on a misleading and erroneous reading of a prior decision of the Third Circuit in United States v. Miller, 197 F.3d, 644 (3d Cir. 1997). Defendant argues that he did not receive the warning to which he believes he was entitled to under Miller, that he has to be notified that he must raise in a first Section 2255 motion, all grounds that exist for relief, because a second or successive petition is not allowed. The lower courts in other circuits have dealt with this issue, but it needs not to be explored in this case because the facts show that defendant did receive the requisite notice that he must raise all grounds in his first 2255 petition, which was filed on May 24, 2012.

The government's reply has an accurate procedural history of this case.

Although the ECF docket in this case for this petition (ECF 675) does not contain the two page warnings that give the advice arguably required by Miller based on government form

PAE-AO243 (Rev. 10/09), the undersigned has ascertained from the Clerk's Office that this two page document is always attached to the petition that federal prisoners must use to have a 2255 petition docketed. This form is available in federal prisons (or on line) and incudes the two page instructions arguably required by Miller. The fact that when the petition is filed by the petitioner the two page instructions are not included on the docket does not prove that petitioner did not receive the instructions.

Although the government's brief asserts that the requisite warning required by Miller is no longer required because of intervening Supreme Court cases, the Court need not reach this issue.

An appropriate Order follows.

O:\CRIMINAL CASES\05-598 HARRIS, US V\WHITTED 05.598.2.093015.2255.DOCX